8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TYRONE HUNT,                           No.  2:18-cv-3025 JAM KJN P

12              Plaintiff,

13        v.                                ORDER

14   J. KRAMER, et al.

15              Defendants.

16

17   I.  Introduction

18        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On December 3, 2018, before the court screened plaintiff's original complaint, plaintiff filed a motion to amend, accompanied by a proposed amended complaint. Plaintiff is entitled to amend once as a matter of right before defendants appear in this action. Fed. R. Civ. P. 15. Therefore, plaintiff's motion to amend was unnecessary, and is denied as moot. The court turns now to plaintiff's amended complaint.

As set forth below, plaintiff's amended complaint must be dismissed because he has joined, in one pleading, unrelated claims that do not all arise from the same transaction, occurrence, or series of transactions or occurrences, and against the same defendants. However, plaintiff is granted leave to file a second amended complaint.

II. <u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, at 555. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78. Plaintiff's factual allegations must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

III. Discussion

    A. Improper Joinder

Plaintiff's now 43-page amended complaint alleges retaliation for filing grievances, violation of his right to privacy, failure to protect plaintiff's safety, sexual harassment, violation of his right to equal protection and to due process, all in violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff's allegations are based on allegedly illegal unclothed body searches conducted before plaintiff's transfer for medical care outside the prison; sexual harassment; retaliatory conduct in connection with his administrative appeal filed in connection therewith, and subjecting him to hostility and verbal threats, allegedly illegal rules violation reports issued against him, and misconduct in connection therewith and in connection with his administrative appeals. Plaintiff seeks unidentified injunctive relief and money damages.

4

"The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." <u>Gurman v. Metro Housing & Redevelopment Authority</u>, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011), citing Fed. R. Civ. P. 8, 11.

Here, plaintiff is attempting to join myriad unrelated claims against multiple defendants in one action. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). In other words, joining more than one claim in a single complaint is proper when the claims are against the same defendant, but joining multiple defendants in one complaint is proper only if the claims against them are based on the same facts. This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." <u>George</u>, 507 F.3d at 607.

Plaintiff's claims do not arise from the same transaction, occurrence, or series of transactions and occurrences in which all defendants were involved. Plaintiff's improper joinder of his unrelated claims cannot be remedied by dismissal of the unrelated claims because it is unclear which claims he wants to pursue in this action, and which claims he will choose to pursue in separate lawsuits. <u>See</u> Fed. R. Civ. P. 21. Thus, plaintiff's complaint must be dismissed. Plaintiff is granted leave to file an amended complaint in which he raises only those claims arising from the same incident involving the same defendants.

B.  <u>Unreasonable Searches Under the Fourth Amendment</u>

Plaintiff challenges being subjected to unclothed body searches, claiming they are degrading and humiliating, and arguing that on several occasions such searches were unnecessary because they were followed by electronic body scans.

The Fourth Amendment prohibits only unreasonable searches.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 558 (1979); <u>Byrd v. Maricopa County Sheriff's Office</u>, 629 F.3d 1135, 1140 (9th Cir. 2011); <u>Michenfelder v. Sumner</u>, 860 F.2d 328, 332 (9th Cir. 1988) (visual body-cavity searches of male inmates conducted within view of female guards held constitutional).  The reasonableness of the search is determined by the context, which "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails."  <u>Bell</u>, 441 U.S. at 559. Factors that must be evaluated are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  <u>Id.</u>; <u>Bull v. City and Cnty. of San Francisco</u>, 595 F.3d 964, 972 (9th Cir. 2010) (*en banc*).

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. <u>Bull</u>, 595 F.3d at 974-75.  "[I]ncarcerated prisoners retain a limited right to bodily privacy." <u>Michenfelder</u>, 860 F.2d at 333 (9th Cir. 1988).  The United States Court of Appeals for the Ninth Circuit has long recognized that "[t]he desire to shield one's unclothed figure from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity."  <u>York v. Story</u>, 324 F.2d 450, 455 (9th Cir. 1963); <u>see also</u> <u>Michenfelder</u>, 860 F.2d at 333 (same).  "The [Supreme] Court [has] obviously recognized that not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest."  <u>Michenfelder</u>, 860 F.2d at 332.

However, "we cannot assume from the fact that the searches cause immense anguish that they therefore violate protected Fourth Amendment interests.  Far from it, our prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited."  <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1524 (9th Cir. 1993) (*en banc*). "[A]ssigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to

warrant court interference." <u>Michenfelder</u>, 860 F.2d at 334 (citing <u>Grummett v. Rushen</u>, 779 F.2d 491, 494-95 (9th Cir. 1985)) (parallel citation omitted). Courts have also found that strip searches of males may be performed when female staff are present. <u>Michenfelder</u>, 860 F.2d at 334; <u>Grummett</u>, 779 F.2d at 494; <u>see also</u> <u>Jones v. Harrison</u>, 864 F.Supp. 166, 168–69 (D. Kan. 1994).

### 1. <u>April 13, 2018 Search</u>

Plaintiff alleges that on April 13, 2018, defendants Correctional Officers Kramer and Darley subjected plaintiff to a degrading unclothed body search in front of other fellow inmates. Plaintiff was forced to strip naked, bend over and spread his buttocks, and squat and cough. (ECF No. 7 at 11.) Plaintiff states the unclothed body search was unnecessary because he was then required to go through a body scan machine.[1]

It is unclear whether plaintiff can state a cognizable Fourth Amendment civil rights claim based on such allegations because plaintiff does not allege that the unclothed body search was witnessed by females. Moreover, plaintiff's allegations make clear that the body search was conducted in preparation for plaintiff to depart the prison for an outside medical examination. In addition, the third level appeal response states that "all released from the institution are a high risk and susceptible to enhanced security protocols, which are authorized and detailed within institutional rules." (ECF No. 11 at 31.) Thus, it appears the unclothed body search was conducted for prison security reasons. But in an abundance of caution, plaintiff is granted leave to amend such claim.

Similarly, because the unclothed body search was conducted pursuant to the prison's security protocols, absent additional facts not pled here, plaintiff cannot state a civil rights claim based on an allegation that unidentified correctional officers who witnessed the search allegedly failed to protect plaintiff.[2] Plaintiff is not granted leave to include such claims.

---

[1] Plaintiff provides a copy of the third level appeal decision in Log No. HDSP-18-01765, issued on October 10, 2018, in which plaintiff asserted his claims concerning the April 13, 2018 unclothed body search. (ECF No. 11 at 31.)

[2] The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide

7

Plaintiff also claims that the April 13, 2018 unclothed body search violated his equal protection rights. But such claim also fails because he concedes that all prisoners being transported that day were subject to the same unclothed body searches. (ECF No. 7 at 12.) The Equal Protection Clause provides "that no State shall deny to any person within its jurisdiction the equal protection of the laws[.]" U.S. const. amend. XIV. The Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quotation marks omitted). Because plaintiff was similarly situated to other prisoners being transported for outside appointments that day, and all the prisoners were subjected to unclothed body searches, plaintiff cannot state an equal protection claim based on such searches.

## 2. August 20, 2018 Search

Plaintiff also alleges an improper strip search on August 20, 2018, by defendant Darley. (ECF No. 7 at 16.) Plaintiff claims that following his strip search at his cell, he was required to walk through a metal detector before leaving the building on his way to medical. Once he arrived at medical, he was informed he may be transported to the outside doctor, so he waited for the transport officer. When officer Darley arrived, he told plaintiff to follow Darley into the program office to get searched and change clothing. Plaintiff objected that he had already been strip searched, but Darley responded that plaintiff had to do it again. Plaintiff claims he was then put into a holding cell and instructed to get naked, despite another inmate watching from the next holding cell, and with the female captain's secretary in the same room. Defendant Darley made

---

prisoners with food, clothing, shelter, sanitation, and medical care, and must take reasonable measures to guarantee the safety of the prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate, and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm to the prisoner. Farmer, 511 U.S. at 834, 841, 847; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005) (citation omitted). Mere negligent failure to protect an inmate from harm is not sufficient to state a claim under section 1983. Farmer, 511 U.S. at 835.

plaintiff strip naked, raise up his testicles, turn around and spread his buttocks so Darley could see inside plaintiff's anus, and then pull back plaintiff's foreskin on his penis so Darley could see inside plaintiff's penis. (ECF No. 7 at 17.) Plaintiff contends this search was conducted with sexual overtones, claiming plaintiff thought he heard Darley make moaning sounds and gestures.

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.' The Court has interpreted these words in a flexible and dynamic manner, and has extended the Amendment's reach beyond the barbarous physical punishments at issue in the Court's earliest cases." Rhodes v. Chapman, 452 U.S. 337, 345 (1981) (citations and internal quotation marks omitted). "Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000), quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations and quotation marks omitted). A viable Eighth Amendment prison claim requires proof of both an "objective component" ("[w]as the deprivation sufficiently serious?"), and a "subjective component" ("[d]id the official[] act with a sufficiently culpable state of mind?"). Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Physical sexual assault by a prison official on an inmate is deeply offensive to human dignity, lacks any legitimate penological objective, and therefore violates the Eighth Amendment. Schwenk, 204 F.3d at 1196-97; Farmer v. Brennan, 511 U.S. at 834 (such sexual abuse is "simply not part of the penalty that criminal offenders pay for their offenses against society").

That said, inmate sexual harassment claims, which allege sexually inappropriate touching and/or sexually inappropriate comments, require a careful assessment of the unique circumstances of each case. Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. "Even if plaintiff believed that there was a sexual aspect to the search, more is needed." Smith v. Los Angeles County, 2010 WL 2569232, *5 (C.D. Cal. 2010); adopted by 2010 WL 2572570 (C.D. Cal. 2010); aff'd, 452 F. App'x 768 (9th Cir. 2011) (pretrial detainee failed to state Fourteenth Amendment due process claim, or Fourth

9

Amendment unreasonable search claim, based on plaintiff's allegations that defendant correctional officer, pursuant to a search and without sexual comment, pulled plaintiff's boxers to look at his buttocks, inserted his hand "karate chop" style, into "the cavity of my buttocks . . . until it passed between my legs and reached under and around until he cupped by genitals," id. at *4); citing Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (affirming summary judgment for defendant on plaintiff's Eighth Amendment claim that prison employee's brief touch ("mere seconds") to plaintiff's buttocks during "horseplay," unaccompanied by sexual comments, was an improper sexual advance that "embarrassed" plaintiff ); and Osterloth v. Hopwood, 2006 WL 3337505, *6, *7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah pretty much.").

More recently, in Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir., Feb. 13, 2012), the Ninth Circuit affirmed the dismissal of an inmate's Eighth Amendment sexual harassment claim against a correctional officer who allegedly entered plaintiff's cell while plaintiff was on the toilet, rubbed his thigh against plaintiff's thigh and "began smiling in a sexual contact (sic)," then left plaintiff's cell laughing. The Ninth Circuit ruled that "[t]he 'humiliation' Watison allegedly suffered from the incident with Officer LaGier does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." Id. at 1113. Moreover, the Ninth Circuit found that "Officer LaGier's alleged wrongdoing was not objectively harmful enough to establish a constitutional violation. . . ." Id. at 1114 (citations and internal quotation marks omitted).

Because of the nature of plaintiff's allegations, plaintiff must allege specific facts addressing the above standards to enable the court to determine whether plaintiff states a cognizable civil rights claim on the basis of sexual misconduct in connection with the search on August 20, 2018. Iqbal, 129 S. Ct. at 1949. Because plaintiff may be able to state a cognizable

////

////

civil rights claim as to the August 20, 2018 strip search by defendant Darley; such claim is dismissed with leave to amend.[3]

           C.  <u>Claims Concerning the Handling of Administrative Appeals</u>

Plaintiff's complaint includes myriad allegations concerning the investigation or handling of various administrative appeals. To the extent plaintiff contends defendants violated plaintiff's Fourteenth Amendment due process rights based on their role in the administrative grievance process, such claims are unavailing.

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). California's regulations grant prisoners a purely procedural right: the right to have a prison appeal. <u>See</u> CAL. CODE REGS. tit. 15, §§ 3084-3084.9 (2014). In other words, prison officials are not required under federal law to process inmate grievances in a certain way. Thus, the denial, rejection, screening out of issues, review, or cancellation of a grievance does not constitute a due process violation. <u>See, e.g.</u>, <u>Evans v. Skolnik</u>, 637 F. App'x 285, 288 (9th Cir. 2015) (a prison official's denial of a grievance does not itself violate the constitution), <u>cert. dism'd</u>, 136 S. Ct. 2390 (2016); <u>Wright v. Shannon</u>, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); <u>Towner v. Knowles</u>, 2009 WL 4281999 at

---

[3] Plaintiff states he filed appeal Log No. HDSP-B-18-03352 in connection with defendant Darley's alleged sexually harassing strip search on August 20, 2018. (ECF No. 7 at 18.) But on October 3, 2018, plaintiff submitted an inmate request stating that he had his second level hearing on September 17, 2018, but had not yet received the appeal response. (ECF No. 11 at 23.) On October 5, 2018, plaintiff was advised that the response was not yet completed, and not due until October 10, 2018. (<u>Id.</u>) On October 17, 2018, prison staff responded that the second level response was completed and forwarded to plaintiff on October 9, 2018. (<u>Id.</u>) Therefore, it is unclear whether plaintiff received a third level decision on his administrative appeal concerning the August 20, 2018 search <u>before</u> plaintiff filed the instant action on November 21, 2018. In order to avoid further delay, plaintiff should file any claims based on the August 20, 2018 search in a new action if plaintiff received his third level review response after November 21, 2018.

*2 (E.D. Cal. Nov. 20, 2009) (allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Similarly, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's inmate appeals. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an administrative appeal process is only a procedural right, no substantive right is conferred, no due process protections arise, and the "failure to process any of Buckley's grievances, without more, is not actionable under section 1983.").

Therefore, all of plaintiff's Fourteenth Amendment due process claims based on the handling of his administrative appeals fail to state cognizable federal civil rights claims and are dismissed. Dismissal is without leave to amend as amendment of such claims would be futile.

D. Harassment or Verbal Threats

Plaintiff includes allegations of verbal threats and harassment. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Allegations of mere threats are not cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

E. Standards Governing Remaining Claims

In an effort to assist plaintiff in determining how to prepare his second amended complaint or additional complaints, the undersigned provides the following relevant standards as to plaintiff's remaining claims based on incidents subsequent to the body searches.

12

1          1. <u>Failure to Report</u>

2          Plaintiff alleges that Jane Doe, Captain Knedler's secretary failed to report Darley's

3     actions on August 20, 2018, various defendants failed to report alleged misconduct on September

4     17, 2018, and alleges that other defendants failed to comply with prison regulations.  Although

5     the basis for each claim is unclear, section 1983 provides no redress for prison staff's violation of

6     state prison regulations.  <u>See Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009) (section

7     1983 claims must be premised on violation of federal constitutional right).  "To the extent that the

8     violation of a state law amounts to the deprivation of a state-created interest that reaches beyond

9     that guaranteed by the federal Constitution, [s]ection 1983 offers no redress."  <u>Sweaney v. Ada</u>

10    <u>County</u>, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting <u>Lovell v. Poway Unified Sch. Dist.</u>, 90

11    F.3d 367, 370 (9th Cir. 1996).

12          2. <u>False Allegations in Rules Violation Reports</u>

13          Filing false allegations by itself does not violate a prisoner's constitutional rights so long

14    as (1) the prisoner receives procedural due process before there is a deprivation of liberty as a

15    result of false allegations, and (2) the false allegations are not in retaliation for the prisoner

16    exercising constitutional rights.  In <u>Hernandez v. Johnston</u>, 833 F.2d 1316 (9th Cir. 1987), the

17    Ninth Circuit held that inaccurate information in a prison record did not violate the prisoner's due

18    process rights.  <u>Id.</u> at 1318 (the lower court judge "did not discuss Hernandez' separable claim of

19    a due process right to accurate information in his prison record.  We address the issue, and hold

20    that Hernandez was not deprived of liberty by the presence of the challenged statements.").  The

21    issue of when false allegations give rise to a constitutional claim was thoroughly addressed in a

22    decision of this district, which was affirmed by the Ninth Circuit in an unpublished decision:

23                    A prisoner has no constitutionally guaranteed immunity from being
                  falsely or wrongly accused of conduct which may result in the
24                    deprivation of a protected liberty interest.  <u>See</u> <u>Sprouse v. Babcock</u>,
                  870 F.2d 450, 452 (8th Cir. 1989); <u>Freeman v. Rideout</u>, 808 F.2d
25                    949, 951 (2d Cir. 1986).  As long as a prisoner receives procedural
                  due process during his disciplinary hearing, a prisoner's allegation of
26                    a fabricated prison disciplinary charge fails to state a cognizable
                  claim for relief under § 1983.  <u>See</u> <u>Freeman</u>, 808 F.2d at 951 (the
27                    filing of a false disciplinary charge against a prisoner is not
                  actionable under § 1983 if prison officials provide the prisoner with
28                    procedural due process protections); <u>Hanrahan v. Lane</u>, 747 F.2d

1137, 1140-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff v. McDonnell are provided.").

Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California relying on the cases cited above have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983. See, e.g., Conner v. Winslow, No. EDCV 07-218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); Williams v. Foote, No. CV 08-2838 CJC (JTL), 2009 WL 1520029 at *7 (C.D. Cal. May 28, 2009); Salisbury v. Miller, No. C 08-4680 MHP (pr), 2009 WL 743925 at *2 (N.D. Cal. Mar. 18, 2009); Meraz v. Reppond, No. C 08-4540 MHP (pr), 2009 WL 723841 at *2 (N.D. Cal. Mar. 18, 2009); Rodgers v. Reynaga, No. CV 1-06-1083 JAT, 2009 WL 62130 at *2 (E.D. Cal. Jan. 8, 2009); Drake v. Berg, No. C 07-3844 PJH (PR), 2008 WL 4482848 at *1 (N.D. Cal. Oct. 1, 2008); Moore v. Thomas, No. C 06-2105 SBA (PR), 2008 WL 4447726 at *4 (N.D. Cal. Sept. 30, 2008); Deadmon v. Grannis, No. 06-cv-1382 LAB (WMC), 2008 WL 595883 at *10 (S.D. Cal. Feb. 29, 2008); Carrillo v. Pena, No. CIV S-06-2924 RRB DAD, 2007 WL 2994689 at *2 (E.D. Cal. Oct. 12, 2007); Player v. Salas, No. 04-cv-1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D. Cal. Sept. 21, 2007), aff'd 2009 WL 890967 (9th Cir. Apr. 3, 2009); Brookins v. Terhune, No. CIV S-03-0916 GEB JFM, 2005 WL 3262940 at *4 (E.D. Cal. Nov. 28, 2005), adopted by 2006 WL 647975, aff'd 2007 WL 2827544 (9th Cir. Sept. 27, 2007).

In this case, plaintiff alleges that defendants violated his due process rights by bringing a false rules violation charge against him. However, as noted above, the issuance of a false disciplinary charge is not in itself a due process violation so long as prison officials comply with procedural due process requirements. Here, plaintiff does not allege that the defendants Costa or Mendes failed to provide him with procedural due process protections.

Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal., June 16, 2009), subsequently aff'd by 393 F. App'x 488 (9th Cir. 2010).

3. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison, 668 F.3d at 1114 (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6

14

(9th Cir. 2015). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo v. Dawson, 778 F.2d 527, 531(transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action will support a retaliation claim. See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the challenged conduct. Pratt, 65 F.3d at 806 (citing Rizzo v. Dawson, 778 F.2d at 532). Mere allegations of retaliatory motive or conduct will not suffice. A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut, 810 F.2d at 925.

////

15

4. <u>Challenging a Rules Violation Report</u>[4]

The Due Process Clause protects against deprivations of liberty without the procedural protections provided under the law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974); <u>Wilkinson v. Austin</u>, 545 U.S. at 221. In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466 (1983). State created liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Wolff</u>, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Id.</u> at 563-71. As long as the five minimum <u>Wolff</u> requirements are met, due process has been satisfied. <u>Walker v. Sumner</u>, 14 F.3d 1415, 1420 (9th Cir. 1994), <u>abrogated on other grounds by</u> <u>Sandin</u>, 515 U.S. at 472.

In addition, "some evidence" must support the decision of the hearing officer, <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is

////

---

[4] It is unclear whether plaintiff intends to challenge a rules violation report because he claims he was found not guilty of Rules Violation Report #5752944 on September 28, 2018 (ECF No. 7 at 31, ¶ 151), but then claims he was found guilty of the same rules violation report on October 25, 2018 (ECF No. 7 at 32, ¶ 156).

not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56.

### 5. Potential Heck Bar

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*), cert. denied, 137 S. Ct. 645 (2017).

In Heck v. Humphrey, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87. In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court applied the Heck bar to a Section 1983 action involving allegedly defective prison disciplinary procedures resulting in a loss of "good-time" credits. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-02 (2005).

However, a prisoner's Section 1983 action challenging disciplinary proceedings is not barred by Heck if the challenge "threatens no consequence for [the] conviction or the duration of [the] sentence." Muhammad, 540 U.S. at 751. Applying that limitation, the Ninth Circuit concluded in Nettles, 830 F.3d at 934-36, that a California prisoner facing a life term who challenged a disciplinary hearing that resulted in a loss of good time credits would not necessarily be entitled to a speedier release if successful and, as a result, could bring the claim under Section 1983.

### 6. Supervisory Liability

Under section 1983, plaintiff must allege facts demonstrating that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, informing the warden or other individuals of violations after an incident has occurred, by letter or otherwise, standing alone, is insufficient to support a civil rights violation. Similarly, vague allegations that a particular defendant used his or her authority to deprive plaintiff of his personal safety, without more, are insufficient to state a cognizable civil rights claim.

### 7. Fifth Amendment

Plaintiff also attempts to bring claims under the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). The Fourteenth Amendment prohibits deprivations without due process by the states. Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). As set forth above, any equal protection challenge against a state defendant is also governed by the Fourteenth Amendment. City of Cleburne, 473 U.S. at 432. Because plaintiff's allegations are against state officials, any due process or equal protection challenges are governed by the Fourteenth Amendment.

### 8. Access to the Courts

Prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement without direct interference from prison officials. Lewis v. Casey, 518 U.S. 343, 350 (1996); Silva v. Di Vittorio, 658 F.3d at 1103; Phillips v. Hust, 588 F.3d 652 (9th Cir. 2009). However, the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To claim a violation

of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Lewis</u>, 518 U.S. at 351. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. <u>Lewis</u>, 518 U.S. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim"). While a prisoner has a constitutional right to access the courts, alleged interferences must have caused the prisoner to sustain an actual injury. <u>Id.</u> at 351; <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010); <u>Phillips v. Hust</u>, 588 F.3d at 655.

IV. <u>Leave to Amend</u>

Because plaintiff has joined unrelated claims from multiple alleged incidents against different defendants, the complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim against the same defendant based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). As discussed above, unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

<u>George v. Smith</u>, 507 F.3d at 607; <u>see also</u> Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Also, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>See, e.g.</u>, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

19

Also, the complaint must allege in specific terms how each named defendant is involved. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey</u>, 673 F.2d at 268.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks the prisoner to "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Thus, plaintiff must pursue and exhaust all available remedies <u>before</u> filing a complaint in federal court.

Further, the federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); <u>see</u> <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

many defendants with unexplained, tenuous or implausible connection to the alleged

constitutional injury, or joining a series of unrelated claims against many defendants, will likely

result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists

because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

Therefore, plaintiff's amended complaint is dismissed, and he is granted thirty days in

which to file an amended complaint that complies with this order.  Plaintiff shall file any

amended complaint on the form provided by the court.

V.  Motion to Add Exhibits

On January 2, 2019, plaintiff filed a motion to add exhibits, accompanied by 68 pages of

exhibits.  Because exhibits are allowed, Fed. R. Civ. P. 10(c), the court will grant plaintiff's

motion.  However, although exhibits are permissible, they are not necessary in the federal system

of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that it is not the duty of the court to

look through all of his exhibits to determine whether or not he has claims cognizable under

§ 1983.  Rather, the court looks to the factual allegations contained in plaintiff's complaint to

determine whether or not plaintiff has stated a cognizable claim for relief under § 1983.  In fact,

the court recommends that exhibits should not be submitted where (1) they serve only to confuse

the record and burden the court, or (2) they are intended as future evidence.  If this action reaches

a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

VI. Orders

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall be filed on the court's complaint form, and shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion to amend (ECF No. 6) is denied as moot.

6. Plaintiff's motion to add exhibits (ECF No. 10) is granted.

7. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: April 2, 2019

/hunt3025.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TYRONE HUNT,                          No.  2:18-cv-3025 JAM KJN P

12              Plaintiff,

13        v.                               NOTICE OF AMENDMENT

14   J. KRAMER, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                    _____      Second Amended Complaint
     DATED:
20

21                                         _____

22                                         Plaintiff

23

24

25

26

27

28