UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>J. KRAMER, et al.,<br><br>    Defendants. | No. 2:18-cv-3025 JAM KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's second amended complaint alleging that defendants Kramer and Darley subjected plaintiff to improper strip searches. Service of process was ordered on May 23, 2019, but has not yet been executed on either defendant. On July 3, 2019, plaintiff filed a motion requesting emergency injunctive relief. For the reasons set forth below, the undersigned recommends that the motion for injunctive relief be denied.

I. Motion for Injunctive Relief

    A. Legal Standards

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter

v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Finally, the pendency of this action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.

B. Plaintiff's Motion

Plaintiff is housed at High Desert State Prison ("HDSP"). In his two-page motion, plaintiff seeks a transfer away from HDSP to avoid further retaliation instigated or ratified by any of the defendants. (ECF No. 22 at 1.) Plaintiff claims that without such equitable relief he is "susceptible to great and irreparable injury." (Id.) He contends that the balance of hardships tips markedly toward plaintiff because there would be no prejudice to defendants to transfer plaintiff away from HDSP, but great harm to plaintiff if he is required to stay at HDSP.

////

////

C. Discussion

In the instant motion, plaintiff fails to provide specific factual allegations as to each defendant. Plaintiff filed no supporting affidavit or memorandum of law. Plaintiff fails to identify the basis for his request, other than his generic reference to retaliation, and fails to set forth the nature of the alleged harm he faces. Simply repeating key words from the elements required under Winter is insufficient; plaintiff must set forth specific facts showing that he has met each element under Winter. Absent such facts, the undersigned is unable to determine whether plaintiff's instant retaliation claims will be heard on the merits in this action.

Moreover, no defendant has been ordered served, and no defendant has appeared. Therefore, although the court takes plaintiff's assertions regarding retaliation as potentially serious, the court lacks personal jurisdiction over any defendants named herein.

II. Conclusion

Accordingly, IT IS HEREBY IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 22) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 17, 2019

/hunt3025.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE