UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HUNT,<br><br>  Plaintiff,<br><br>  v.<br><br> J. KRAMER, et al.,<br><br>  Defendants. | No. 2:18-cv-3025 JAM KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On November 15, 2019, plaintiff filed a document styled, "Default of Judgment with Declaration," which this court construes as a motion for default judgment because he claims he is entitled to judgment based on service of process and defendants' alleged failure to timely file an answer.

However, plaintiff's motion is procedurally deficient. Procedurally, obtaining a default judgment requires the moving party to comply with a two-step process. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Here, the record does not reflect that plaintiff sought or obtained an entry of default from the Clerk of Court. Therefore, there is no basis upon which the court may grant plaintiff's motion for default judgment.[1] Rather, plaintiff's motion is premature

---

[1] In any event, plaintiff's motion also lacks merit. Default is not appropriate given defendants' timely waiver of service and filing of a Rule 12(b) motion in lieu of an answer. See Fed. R. Civ.

1

in light of his failure to first obtain a clerk's entry of default pursuant to Rule 55(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are relieved of their obligation to respond to plaintiff's motion; and

2. Plaintiff's motion (ECF No. 44) is denied without prejudice.

Dated: November 21, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hunt3025.def

---

P. 4(d)(3) (providing for additional time to answer following return of a waiver of service) and Fed. R. Civ. P. 12(b) (allowing for presentation of enumerated defenses by motion prior to a responsive pleading). The record reflects that defendants' motion to dismiss was timely filed.